Abramov v 230 PAS SPE LLC (2025 NY Slip Op 03271)

Abramov v 230 PAS SPE LLC

2025 NY Slip Op 03271

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Manzanet-Daniels, J.P., González, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 153359/22|Appeal No. 4490|Case No. 2024-04809|

[*1]Eduard Abramov, Plaintiff,
v
230 PAS SPE LLC et al., Defendants-Respondents, Reidy Contracting Group LLC et al., Defendants, Arsenal Scaffolding, Inc. Defendant-Appellant.

Hannum Feretic Prendergast & Merlino, LLC, New York (Paul Golden of counsel), for appellant.
Horn Appellate Group, Brooklyn (Ross S. Friscia of counsel), for 230 PAS SPE LLC, respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Guy Des Rosiers of counsel), for JP Morgan Chase Bank, N.A., respondent.

Order, Supreme Court, New York County (Hasa A. Kingo, J.), entered on or about July 2, 2024, which denied defendant Arsenal Scaffolding, Inc.'s motion for summary judgment dismissing the complaint and all cross-claims against it, unanimously reversed, on the law, without costs, and the motion granted.
Arsenal established its prima facie entitlement to summary judgment dismissing the complaint and all cross-claims against it. Plaintiff was neither a party to the subcontract nor an intended beneficiary under the subcontract that obligated Arsenal to install sidewalk sheds at the location where the accident occurred. Therefore, Arsenal established prima facie that it owed no duty of care to plaintiff (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]; Giovacco v Graham, 213 AD3d 523, 524 [1st Dept 2023]). Defendant 230 PAS SPE LLC did not raise a triable issue of fact because it did not present any evidence to show that Arsenal could be found liable under any Espinal exception (see Espinal, 98 NY2d at 140).
Defendants 230 PAS and JPMorgan Chase Bank, N.A. fail to demonstrate that Arsenal's motion is premature (see Severinghaus v TUFCO, Inc., 208 AD3d 1119, 1120 [1st Dept 2022]). Arsenal sufficiently established that it was not responsible for the lighting condition under the scaffolding, and 230 PAS and JPMorgan failed to show anything more than speculation that future discovery could reveal information relating to Arsenal's liability for the allegedly inadequate lighting condition.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025